# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

PATRICK LOREN LUCERO
ADC #169136                                                                                         PLAINTIFF

v.                    Case No. 4:18-cv-00081-KGB

CLAYTON EDWARDS, *et al*.                                                                    DEFENDANTS

# ORDER

The Court has received Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 8). Plaintiff Patrick Loren Lucero, an inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at the White County Jail in Searcy, Arkansas. On February 14, 2018, this Court granted Mr. Lucero's motion to proceed *in forma pauperis* and directed him to file an amended complaint within 30 days of the entry of that Order to overcome deficiencies in his original complaint (Dkt. No. 6). The Court further issued an initial order for *pro se* prisoners outlining Mr. Lucero's duty to comply with the Federal Rules of Civil Procedure and the Local Rules for the Eastern and Western Districts of Arkansas (Dkt. No. 5). Both of these filings were returned as undeliverable to the Court on March 23, 2018 (Dkt. No. 9).

On April 11, 2018, Mr. Lucero filed a notice of change of address with the Court (Dkt. No. 11). The Court then mailed copies of this Court's February 14, 2018, Orders and a copy of the Proposed Findings and Recommendations to Mr. Lucero at his new address. On April 27, 2018, Mr. Lucero filed a motion to object on summary judgment (Dkt. No. 12). The Court construes Mr. Lucero's motion as objections to the Proposed Findings and Recommendations. Mr. Lucero claims, among other things, that he is disadvantaged because he is Native American, that he was not treated equally during his time at White County Jail, and that he was not given adequate

recreation time (*Id*). Mr. Lucero argues that defendants violated his Eighth Amendment right against cruel and unusual punishment when he was allegedly denied access to areas of the jail facility, handcuffed to a metal bench in the medical unit, and not allowed to use the kiosk to email and video message family members or access the law library (*Id.*). Mr. Lucero does not specify how this conduct qualifies as discrimination.

This Court is mindful that in reviewing a *pro se* complaint under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). However, regardless of whether a plaintiff is represented or appearing *pro se*, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Mr. Lucero has not plead enough facts to state a claim to relief that is plausible on its face as required by controlling law. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007).

After a review of the Proposed Findings and Recommendations and Mr. Lucero's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in their entirety (Dkt. No. 8). The Court therefore dismisses without prejudice Mr. Lucero's claims. Dismissal of this action constitutes a "strike" within the meaning of the PLRA, 28 U.S.C. § 1915(g). The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal of this Order would not be taken in good faith.

It is so ordered this 17th day of May, 2018.

_____
Kristine G. Baker
United States District Judge